IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

FIRSTMERIT BANK N.A.,

                        Plaintiff,                      OPINION AND ORDER

   v.

DOUGLAS WEINKAUF, DIXIE WEINKAUF,             13-cv-626-slc
RANDY RIEHLE  and KRISTINE RIEHLE,

                        Defendants.

       In this civil diversity action for monetary relief, plaintiff FirstMerit Bank, N.A. alleges that defendants Douglas and Dixie Weinkauf and Randy and Kristine Riehle breached the guaranties they made with respect to the debt of Wisconsin Rapids Grain, LLC.  Before the court is FirstMerit's motion for summary judgment.  Dkt. 20.

       In a letter to the court dated December 17, 2013, the Riehles indicated that they would not be responding to the motion because they intended to stipulate to judgment and would be filing bankruptcy in the next few months.  Dkt. 27.  The Riehles have never confirmed, however, whether they actually filed for bankruptcy or reached a stipulation with FirstMerit.  As a result, I must consider the motion for summary judgment with respect to the claims against the Riehles as unopposed.

       Although the Weinkaufs have opposed the motion, they did not follow this court's summary judgment procedure in responding to FirstMerit's proposed findings of fact. Defendants were instructed that "[u]nless the responding party puts into dispute a fact proposed by the moving party, the court will conclude that the fact is undisputed." *Procedure to be Followed on Motions for Summary Judgment* at 7, § II.C, dkt. 16.  The Weinkaufs did not submit a response to FirstMerit's proposed findings of fact, instead choosing to submit an affidavit from Mr.

Weinkauf "in opposition to the . . . motion for summary judgment." Dkt. 25. They also did not propose their own findings of fact. Accordingly, I have considered FirstMerit's proposed findings of fact to be undisputed.

Because I find that FirstMerit has shown that it is entitled to judgment as a matter of law on its claims against defendants, I am granting the motion for summary judgment and requiring FirstMerit to submit a final accounting of the principal, interest and late fees due under the note.

From FirstMerit's proposed findings of fact, I find the following facts to be material and undisputed:

UNDISPUTED FACTS

Plaintiff FirstMerit is a national banking association and its main office located in Akron, Ohio. According to the official certification of the Comptroller of Currency dated April 12, 2013, FirstMerit is the survivor of a merger with Citizens Bank.

All of the defendants are Wisconsin citizens. Douglas and Dixie Weinkauf reside in Wausau, Wisconsin, and Randy and Kristine Riehle reside in Edgar, Wisconsin. Douglas Weinkauf was a principal in Wisconsin Rapids Grain, LLC (WRG).

On December 15, 2011, WRG borrowed $5,000,000 from Citizens Bank. The promissory note, which was executed in Wisconsin and is governed by Wisconsin law, provides in relevant part that WRG is responsible for any attorneys' fees and costs incurred by FirstMerit in collecting on the note. On the same day, Douglas Weinkauf, Dixie Weinkauf and Randy Riehle each executed a separate commercial guaranty, in which they guaranteed repayment of WRG's debt (including all principal and interest) owed to FirstMerit. Randy Riehle's guaranty includes a separately signed statement that it is an obligation that was incurred by Randy Riehle

2

in the interest of his marriage or family. All three guaranty documents provide that any costs and expenses, including attorneys' fees incurred by FirstMerit in enforcing the guaranty, are also obligations of the guarantor. The documents also provide that except to the extent governed by federal law, Wisconsin law governs the guaranty.

On August 29, 2013, FirstMerit learned that WRG had become insolvent because a material adverse change occurred in its financial position. Despite FirstMerit's demand, WRG has failed to pay interest due and is in default under the note. As of September 3, 2013, the amount due under the note was $4,960,744.64 in principal, $39,880.01 in interest and $1,301.36 in late fees, resulting in a total of $5,001,926.01. As of November 19, 2013, the amount due under the note was $4,960,744.64 in principal, $101,438.67 in interest and $3,730.26 late charges, resulting in a total of $5,065,913.57. Since that day, interest has accrued at a rate of $826.79 per day. Douglas and Dixie Weinkauf and Randy Riehle have not paid the amount due under the note and their guaranties.

On September 9, 2013, FirstMerit filed a complaint in this court, asserting claims for monetary relief against Douglas Weinkauf, Dixie Weinkauf and Randy Riehle on their separate guaranties of the debt of WRG. FirstMerit also requested a determination that Kristine Riehle's interest in marital property is available to pay the obligations of Randy Riehle under the Riehle guaranty.

WRG is currently the subject of a Wis. Stats. Chapter 128 receivership proceeding in Wood County Circuit Court. After briefing was complete on its summary judgment motion, FirstMerit reported that it received payment in the amount of $1,263,339.14 from the United States Department of Agriculture, which had liquidated certain grain held by WRG because it was licensed under the authority of the United States Warehouse Act. Dkt. 28.

OPINION

**I. Summary Judgment Standard**

Summary judgment is proper where there is no showing of a genuine issue of material fact, and where the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. "'A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party.'" *Sides v. City of Champaign*, 496 F.3d 820, 826 (7th Cir. 2007) (quoting *Brummett v. Sinclair Broadcast Group, Inc.*, 414 F.3d 686, 692 (7th Cir. 2005)). In determining whether a genuine issue of material facts exists, the court must construe all facts in favor of the nonmoving party. *Squibb v. Memorial Medical Center*, 497 F.3d 775, 780 (7th Cir. 2007). Even so, the nonmoving party cannot simply rest upon the pleadings once the moving party has made a properly supported motion for summary judgment; instead the nonmoving party must submit evidence to "set out *specific* facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e) (emphasis added). At that point, it becomes the nonmoving party's burden to demonstrate that there is a genuine issue of material fact, that is, that "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson*, 477 U.S. at 249.

**II. Breach of Guaranty**

Under Wisconsin law, a guaranty is a contract. *Harris v. Metropolitan Mall*, 112 Wis. 2d 487, 503, 334 N.W.2d 519, 527 (1983). Accordingly, "an action to enforce the liability of the guarantor must be in the form of an action for damages for a breach of the contract

4

of guaranty." *Continental Bank & Trust Co. v. Akwa*, 58 Wis. 2d 376, 387, 206 N.W.2d 174, 180 (1973). A breach of contract claims consists of three elements: "(1) the existence of a contract creating obligations flowing from defendant to plaintiff; (2) a breach of those obligations; and (3) damages from the breach." *Uebelacker v. Paula Allen Holdings, Inc.*, 464 F. Supp. 2d 791, 801 (W.D. Wis. 2006) (citing *Northwestern Motor Car, Inc. v. Pope*, 51 Wis. 2d 292, 296, 187 N.W.2d 200, 203 (1971)); *see also Brew City Redevelopment Group, LLC v. The Ferchill Group*, 2006 WI App 39, ¶11, 289 Wis. 2d 795, 807, 714 N.W.2d 582, 588, *aff'd*, 2006 WI 128, 297 Wis. 2d 606, 724 N.W.2d 879. As the party bringing the breach of guaranty claim, FirstMerit has the burden of proving all three elements.

Defendants do not dispute, and the undisputed facts show that Douglas and Dixie Weinkauf, and Randy and Kristine[1] Riehle guaranteed WRG's debt in the amount of 5,000,000 plus interest to FirstMerit. They also agreed to pay all attorneys' fees and costs incurred by FirstMerit in collecting on the note. In addition, defendants do not dispute the facts that FirstMerit has standing to enforce the note and guaranties, that WRG defaulted on the note and that none of the defendants have failed to pay the amount due under the note as obligated by their guaranties.

In the absence of any response from Randy and Kristine Riehle, FirstMerit has shown that the Riehles are liable for breach of guaranty.

---

[1] Wis. Stat. § 766.55 provides:

> A statement separately signed by the obligated or incurring spouse at or before the time the obligation is incurred stating that the obligation is or will be incurred in the interest of the marriage or the family is conclusive evidence that the obligation to which the statement refers is an obligation in the interest of the marriage or family.

The Weinkaufs raise three arguments in response to FirstMerit's motion: (1) this case should be dismissed under the "prior pending action" doctrine; (2) FirstMerit first must seek to recover the amount outstanding on the note from the collateral pledged to WRG; and (3) FirstMerit has not provided adequate proof of the outstanding debt. For the reasons explained below, I find that the Weinkaufs cannot prevail on any of these arguments.

### A. Prior Pending Action

Although the Weinkaufs have not filed a cross motion to dismiss, they seek dismissal of FirstMerit's claim against them on the basis of the "prior pending action doctrine," in light of the Chapter 128 receivership proceeding in the Wood County Circuit Court. In support, they cite *Cupe v. Lantz*, 470 F. Supp. 2d 128, 132 (D. Conn. 2007), in which the court held that this doctrine "provides that '[w]here there are two competing lawsuits, the first suit should have priority, absent the showing of balance of convenience in favor of the second action, or unless there are special circumstances which justify giving priority to the second.'" *Id.* (quoting *Motion Picture Lab. Technicians Local 780 v. McGregor & Werner, Inc.*, 804 F.2d 16, 19 (2d Cir. 1986)). According to the Weinkaufs, this court should permit the state court action to continue to its conclusion so that it can be determined how much FirstMerit will recover toward the repayment of the note.

> As FirstMerit points out, however, the court in *Cupe* explained that
>
>> This doctrine is applicable where there are two identical or similar actions contemporaneously pending in two *federal* courts, for the reason that "[a]s between federal courts . . . the general principle is to avoid duplicative litigation." [*Colorado River Water Conservation Distr. v. U.S.*, 424 U.S. 800, 817 (1976)]. By contrast, "[g]enerally as between state and federal courts, the rule

6

> is that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *Id.* The Supreme Court has explained that "[t]his difference in general approach between state-federal concurrent jurisdiction and wholly federal concurrent jurisdiction stems from the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." *Id.*

Because the Chapter 128 proceeding is a state court action involving different parties and different claims, the pending prior action doctrine does not apply in this case.[2] Further, as explained below, Wisconsin guaranty law does not necessarily prevent FirstMerit from pursuing collection from the Weinkaufs in addition to filing a claim as a creditor in the WRG receivership action. *Crown Life Insurance Co. v. LaBonte*, 111 Wis. 2d 26, 43, 330 N.W.2d 201, 209 (1983) ("an absolute guaranty of payment . . . is not subject to the defense that the creditor impaired the collateral").

### B. Collateral

The Weinkaufs claim that when FirstMerit instituted Chapter 128 proceedings with respect to WRG, WRG's assets included $700,000 in wire transfers and checks from customers and $2.5 million in accounts receivable. However, because the state court has issued an injunction preventing WRG's creditors from filing suit against WRG, the Weinkaufs can not seek indemnity for the debt owed to FirstMerit. Without pointing to any support in the record or proposing any findings of fact, the Weinkaufs argue that "certainly" they and the other WRG

---

[2] The courts in *Colorado River* and *Cupe* also discuss the related doctrine of federal court abstention. *See Cupe*, 470 F. Supp. 2d at 133 (noting that for federal court to abstain, concurrent state court action must be involve substantially same parties and issues). However, because plaintiffs have not raised this as an issue, I have not considered its application in this case.

guarantors "intended that the collateral could not be sequestrated in a separate action commenced by the Bank and remain liable for the entire balance under the contract." Dkt. 24 at 4-5 (citing *Crown Life*, 111 Wis. 2d at 32-33 ("The determination of whether the application of the proceeds of the sale of the collateral to the mortgage debt extinguished [defendant's] liability under the guaranty depends on the intent of the parties in executing the contract.")). They argue that FirstMerit has violated its duty of good faith and fair dealing under the guaranties by "employing a litigation strategy" that prevented them from offsetting their debt with WRG's collateral. *Id.* at 5 (citing *First National Bank & Trust Co. v. Notte*, 97 Wis. 2d 207, 214, 293 N.W.2d 530 (1980) (holding creditor owes surety such a duty)).

 FirstMerit agrees that it must apply any funds it receives from the liquidation of WRG's collateral in the receivership action to the amount outstanding under the note. Dkt. 26 at 6. However, FirstMerit also notes, correctly, that it is not obliged to wait for this distribution to be made before pursuing collection from defendants on their guaranties. The parties have both cited the Wisconsin Supreme Court's maxim that "[a] guarantor's liability depends upon the particular terms of his or her engagement." *Continental Bank & Trust Co. v. Akwa*, 58 Wis. 2d 376, 388, 206 N.W.2d 174 (1973).

 In this case, the guaranties signed by the Weinkaufs state that they are guaranties

> of payment and performance and not of collection, so Lender can enforce this Guaranty against Guarantor even when Lender has not exhausted Lender's remedies against anyone else obligated to pay the Indebtedness or against any collateral securing the Indebtedness, this Guaranty, or any other guaranty of the Indebtedness.

*Continuing Guarantee of Performance*, dkt. 21, exhs. 3 and 4 at 1, ¶ 1.

 Further, the Weinkaufs waived any right to require FirstMerit:

>. . . (C) to resort for payment or to proceed directly or at once against any person, including Borrower or any guarantor . . . [or] (D) to proceed directly against or exhaust any collateral held by Lender from Borrower, any other guarantor or any other person.
>
> *Guarantor's Waivers*, *id.*, exhs. 3 and 4 at 2, ¶ 1.

Under Wisconsin law, a "guaranty of payment binds the guarantor to pay the debt according to the terms and conditions of the guaranty." *Park Bank v. Westburg*, 2013 WI 57, ¶¶ 59-60, 832 N.W.2d 539, 551. "Unlike a guaranty of collection, a guaranty of payment does not condition liability upon the creditor exhausting remedies against the debtor. A creditor is under no obligation to first seek collection from the principal debtor or any other guarantor under a guaranty of payment." *Id.* (internal citation omitted).

As a result, I find that FirstMerit acted within its rights under the Weinkauf guaranties and did not act in bad faith. The Court of Appeals for the Seventh Circuit has explained that it is not bad faith for a creditor to pursue its contractual rights:

> "Good faith" is a compact reference to an implied undertaking not to take opportunistic advantage in a way that could not have been contemplated at the time of drafting, and which therefore was not resolved explicitly by the parties. When the contract is silent, principles of good faith . . . fill the gap. They do not block use of terms that actually appear in the contract.
>
> *Kahn & Nate's Shoes No. 2, Inc. v. First Bank of Whiting*, 908 F.2d 1351, 1357 (7th Cir. 1990).

**C. Proof of Debt**

In a final argument, the Weinkaufs contend that FirstMerit has submitted nothing but conclusory allegations concerning the amount due under the note. FirstMerit proposed various findings of fact establishing the amount due under the note and supported those findings with

9

the sworn affidavit of Russell Bulthaus, FirstMerit's Vice President. Bulthaus avers that he has personal knowledge of the loan documents and guaranties at issue in this case and relied on those documents to calculate defendants' outstanding debt under the guaranties. Dkt. 21.

As explained above, the Weinkaufs have not submitted any response to FirstMerit's proposed finding of facts or filed any of their own proposed findings of fact. In an affidavit accompanying his brief, Mr. Weinkauf generally avers that he has not been provided with an accounting of the balances owed under the note and states that the amount is overstated. However, he offers no evidence in support of his assertion, claiming only that FirstMerit has control over WRG and its payment history with respect to the note. Mr. Weinkauf also does not explain why he could not have obtained this information during discovery in this case. As a result, I find that FirstMerit has established as a matter of law that as of November 19, 2013, the amount due under the note was $4,960,744.64 in principal, $101,438.67 in interest and $3,730.26 late charges, resulting in a total of $5,065,913.57. Since that day, interest has accrued at a rate of $826.79 per day. After the completion of the briefing on its motion for summary judgment, FirstMerit received payment in the amount of $1,263,339.14 from WRG's liquidated assets, which as FirstMerit admits, would reduce the amount of the judgment against defendants.

Because several months have passed since FirstMerit first filed its motion, an updated accounting is needed from FirstMerit on the amount that defendants jointly and severally owe on the note. Therefore, I am requiring FirstMerit to submit by April 21, 2014, its final numbers for the principal, interest and late charges due under the note, taking into account any payments it has received. The Weinkaufs may have until April 28, 2014 to respond to the accuracy of the

10

calculations; however, the court will not entertain any arguments from defendants about FirstMerit's failure to prove damages. The court will issue a final order by May 5, 2014.

ORDER

IT IS ORDERED that:

(1) Plaintiff FirstMerit Bank, N.A.'s motion for summary judgment, dkt. 20, is GRANTED.

(2) Plaintiff shall submit a final accounting on the amount due under the note by April 21, 2014. Defendants have until April 28, 2014 to respond to the accuracy of the calculations.

Entered this 14th day of April, 2014.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge